976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael E. GREEN, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7102.
 United States Court of Appeals, Federal Circuit.
 June 22, 1992.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss the appeal of Michael E. Green for lack of jurisdiction. Green has not filed a response.
 
 
 2
 On July 7, 1989, the Board of Veterans Appeals denied Green's claim for service-connected entitlement to veteran's benefits based upon a finding that Green's psychiatric disability was neither incurred in nor aggravated during his active duty military service. Green sought review of the Board's decision by the Court of Veterans Appeals. The Court of Veterans Appeals, with one member of the panel dissenting, No. 89-163, affirmed the Board's decision.
 
 
 3
 In his informal brief, Green challenges the Board's findings of fact as affirmed by the Court of Veterans Appeals. Green also argues that, pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), the Board's reasons or bases were insufficient to allow meaningful judicial review by the Court of Veterans Appeals.
 
 
 4
 "In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal." Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992); 38 U.S.C. § 7292(a), (d)(1) and (2). Green neither contests the validity of any statute or regulation nor challenges the interpretation of a statute or regulation. Instead, Green contests the Board's specific findings of fact and the Court of Veterans Appeals' application of the law to his case. We are barred from reviewing such challenges. Livingston, id.; Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Because Green has not carried his burden of establishing jurisdiction in this court, dismissal is appropriate.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.