983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wallace E. LINTON, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7068.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves for leave to waive Fed.Cir.R. 27(d)[1] and to dismiss Wallace E. Linton's appeal. Linton has not filed a response.
 
 
 2
 On August 5, 1987, the regional office denied Linton's renewed claim for disability benefits for a left foot disorder that Linton alleged was aggravated during service. On June 19, 1989, the Board of Veterans Appeals denied service connection for the disorder finding that Linton's submission of additional evidence did not demonstrate that Linton's "left foot disorder, which preexisted his active wartime service, underwent an increase in severity during his active service."
 
 
 3
 On February 1, 1990, Linton filed a claim requesting service connection for his dental condition[2] and nonservice connection for his foot disorder. On April 29, 1991, the Board vacated its June 19, 1989 decision on procedural grounds and ordered that Linton's appeal would be reviewed de novo by a different panel of the Board. On July 23, 1991, the newly-constituted Board concluded that the additional evidence submitted was not new and material and declined to reopen Linton's claim.
 
 
 4
 On appeal, the Court of Veterans Appeals summarily affirmed the Board's decision holding that recently submitted evidence was not new and material and that Linton had "not demonstrated that the Board committed either factual or legal error which would warrant reversal when it declined to reopen appellant's claim."
 
 
 5
 Linton states in his informal brief that contrary to the Court of Veterans Appeals' decision he did submit new evidence to the Board. Further, Linton argues that the doctrine of "reasonable doubt" set forth in 38 C.F.R. § 3.102 should be resolved in his favor. Linton's informal brief reveals that, essentially, he disagrees with the Court of Veterans Appeals affirmance of the Board's factual determination that his left foot disorder was not service connected.
 
 
 6
 This court has limited authority to review Court of Veterans Appeals' decisions. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation, this court has no authority to review the issues presented in Linton's appeal. Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992). Here, Linton is challenging the Board's determination that his left foot disorder was not service connected. Thus, Linton has not carried his burden of establishing jurisdiction in this court and dismissal is appropriate.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 In Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991), cert. denied, 112 S.Ct. 1683 (1992), we stated that a motion to waive Fed.Cir.R. 27(d), which precludes the filing of a motion to dismiss after an appellant has filed a brief, is appropriate under circumstances where an appellant challenges factual determinations that we may not review
 
 
 [2]
 Linton's claims for dental benefits and nonservice connection for his disorder were referred back to the regional office