983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Royal ROYCE, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7064.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive Fed.Cir.R. 27(d) and to dismiss Royal Royce's appeal. Mr. Royce has not filed a response.
 
 
 2
 In 1975, the regional office denied Mr. Royce's reopened 1959 claim for service-connected benefits for narcolepsy. In 1976 the Board of Veterans Appeals denied his appeal, finding that "the evidence added to the claims folder since 1959 does not show that narcolepsy was present in service or that the disease process became manifest in the first year following the veteran's discharge." The Board concluded that a "new factual basis has not been presented which would warrant service connection for narcolepsy."
 
 
 3
 Mr. Royce submitted additional evidence to the Board consisting of two lay statements attesting to his excessive sleeping during the years immediately after his military service. The Board reviewed the additional evidence and concluded that Mr. Royce had not established "a new factual basis which would permit the grant of service connection for narcolepsy." In 1990, Mr. Royce again reopened his claim. The regional office confirmed its earlier decisions, and on appeal, the Board again denied the claim stating that "the evidence received in support of the reopened claim fails to provide a new factual basis to show the incurrence of narcolepsy in service or to presume the incurrence of narcolepsy in service."
 
 
 4
 On appeal to the Court of Veterans Appeals, that court affirmed the Board's decision stating:
 
 
 5
 Basically, appellant is attempting to reopen a 1976 BVA adjudication which denied him service connection for narcolepsy. That adjudication is final and can be reopened only when the claimant submits evidence that is both new and material.... A review of the record clearly shows that new and material evidence was not submitted.
 
 
 6
 Mr. Royce states that the "primary premise" of his appeal is to determine whether his condition of narcolepsy was service incurred or aggravated. His informal brief states his disagreement with the Court of Veterans Appeals' decision to the extent it affirmed the Board's factual determination that his narcolepsy was not service connected.
 
 
 7
 This court has limited authority to review Court of Veterans Appeals' decisions. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation, this court does not have authority to review the issues presented in Mr. Royce's appeal. Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992). This court is barred from reviewing challenges to factual determinations. See Johnson v. Derwinski, 949 F.2d 394 (Fed.Cir.1992). Here, Mr. Royce is challenging the factual determination that his narcolepsy was not service connected. Thus, dismissal is required.
 
 Accordingly, IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Each side shall bear its own costs.