ARCHER, Circuit Judge.
 

 ORDER
 

 In his informal brief,
 
 [1]
 
 the Secretary of Veterans Affairs moves to dismiss the appeal of Oscar Johnson on the ground that Johnson is challenging factual determinations that we may not review.
 

 On May 4, 1990, the Board of Veterans Appeals denied Johnson’s entitlement to “service connection” for a lower back disorder and stomach disorder and denied entitlement to an increased evaluation for a head injury, currently evaluated as a ten percent disability. On March 8, 1991, the Court of Veterans Appeals, 1 Vet.App. 389, summarily affirmed the Board’s decision.
 

 Pursuant to 38 U.S.C. § 4092(d)(1) and (2),
 
 redesignated as
 
 § 7292(d)(1) and (2),
 
 [2]
 
 this court may not generally review challenges to factual determinations. Section 4092(d)(2) provides:
 

 (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 

 See Machado v. Derwinski,
 
 928 F.2d 389, 391 (Fed.Cir.1991) (stating that the Act authorizes this court to review non-factual decisions of the Veterans Court). Here, Johnson seeks review of the factual determinations that resulted in the denial of benefits and the denial of an increase in benefits.
 
 [3]
 

 [1, 2] Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing challenges to factual determinations. Because Johnson only challenges factual determinations, he has not carried his burden of establishing jurisdiction in the court and dismissal is appropriate.
 
 Accord Lee v. Office of Personnel Management,
 
 762 F.2d 987 (Fed.Cir.1985) (because our review of factual determinations in Office of Personnel Management disability cases is barred, the court dismissed for lack of jurisdiction when that was the sole issue presented on appeal).
 

 Accordingly,
 

 IT IS ORDERED THAT:
 

 The Secretary of Veterans Affairs’ motion to dismiss is granted.
 

 [1]
 

 . In
 
 Pena v. Secretary, Dep't of Veterans Affairs,
 
 944 F.2d 867 (Fed.Cir.1991), we stated that under the circumstances of that case, a motion to waive Fed.Cir.R. 27(d) was appropriate.
 
 See
 
 Fed.Cir.R. 27(d) (precludes the filing of a motion to dismiss after a petitioner has filed a brief). The circumstances here also are appropriate for granting a motion for waiver of Rule 27(d) and for leave to file a motion to dismiss.
 

 [2]
 

 .
 
 See
 
 Department of Veterans Affairs HealthCare Personnel Act of 1991, Pub.L. No. 102-40, § 402(b)(1), 105 Stat. 187, 238-239 (May 7, 1991).
 

 [3]
 

 .Johnson also lists several statutes and regulations in his informal brief, but makes no arguments concerning them.