972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel KAUFFMAN, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7021.
 United States Court of Appeals, Federal Circuit.
 May 18, 1992.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to dismiss the appeal of Samuel Kauffman for lack of jurisdiction. Kauffman moves for a 15-day extension of time to file his opposition. Kauffman's opposition has now been received.
 
 
 2
 On October 7, 1986, the Board of Veterans Appeals denied Kauffman's claim for service-connected entitlement to veteran's benefits based on a toe callus and a cardiovascular disorder. In May 1989, Kauffman sought to reopen his 1986 claim based upon newly discovered evidence.* The VA denied Kauffman's claim because Kauffman had failed to produce "new and material" evidence. 38 C.F.R. § 19.194. Kauffman appealed the VA's decision to the Board of Veterans Appeals. The Board held that "[t]he evidence received since the Board's decision of October 1986 does not establish any material facts different from those previously considered." The Board then declined to reopen Kauffman's claim. Kauffman sought review of the Board's decision by the Court of Veterans Appeals. The Court of Veterans Appeals, No. 90-849, held that the Board's decision that the evidence submitted by Kauffman was not new and material was correct and summarily affirmed the Board's decision.
 
 
 3
 Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, "[i]n the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal." Livingston v. Derwinski, 91-7066, slip op. at 5-6 (Fed.Cir. Mar. 17, 1992); 38 U.S.C. § 7292(d)(1) and (2). Kauffman neither contests the validity of any statute or regulation, nor does he challenge the interpretation of a statute or regulation. Instead, Kauffman appears to argue that the VA's failure to find new medical information is itself new and material evidence. We are barred from reviewing such challenges. Livingston, Id.; Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Because Kauffman has not carried his burden of establishing jurisdiction in this court, dismissal is appropriate.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to dismiss is granted.
 
 
 6
 (2) Kauffman's motion for an extension of time is granted.
 
 
 
 *
 Apparently the Department of Veterans Affairs (VA) had recovered a number of missing service records. Kauffman requested the VA search among the newly-discovered records for any service medical records which might substantiate his claim. A search was conducted, but no service medical records of Kauffman were found