972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Candelaria FAMOR, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7014.
 United States Court of Appeals, Federal Circuit.
 June 2, 1992.
 
 Before NIES, Chief Judge and PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Candelaria Famor appeals from the October 4, 1991 order of the Court of Veterans Appeals, No. 90-1266, dismissing her appeal for lack of jurisdiction because she did not file a Notice of Disagreement (NOD) after November 18, 1988. We dismiss because Famor raises no issue within the jurisdiction of this court.
 
 DISCUSSION
 
 2
 On March 16, 1987, the Veterans Administration denied Famor's claim for benefits based upon the alleged service-connected death of her husband. Famor filed a NOD on October 26, 1987, initiating an appeal to the Board of Veterans Appeals. The Board denied Famor's claim on February 3, 1989. On October 25, 1990, Famor appealed the Board's decision to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Famor's appeal on the ground that Famor had not filed a NOD after November 18, 1988, as required by 38 U.S.C. § 7251 Note. On appeal to this court, Famor does not assert that the Court of Veterans Appeals erred in its decision respecting its jurisdiction.
 
 
 3
 "In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal."* Livingston v. Derwinski, 91-7066, slip op. at 5-6 (Fed.Cir. Mar. 17, 1992); 38 U.S.C. § 7292(d)(1) and (2). Famor neither contests the validity of any statute or regulation nor challenges the interpretation of a statute or regulation. Famor has presented no issue within the scope of our jurisdiction. Livingston, id.; Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Accordingly, Famor's appeal is dismissed.
 
 
 
 *
 Strott v. Derwinski, 91-7047 (Fed.Cir. May 13, 1992) and Prenzler v. Derwinski, 928 F.2d 392 (Fed.Cir.1991) also involved issues relating to the filing of timely NODs. However, we had jurisdiction to review the issues in those cases because they involved the interpretation of a regulation, 38 C.F.R. § 19.118