976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donna M. JEFFERS, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7029.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and moves to dismiss Donna M. Jeffers appeal on the ground that Jeffers is challenging factual determinations that we may not review. Jeffers has not filed a response.
 
 
 2
 Ray J. Jeffers served in the United States Navy from August 1944 to April 1946, and from August 1946 to December 1964. In 1948, the veteran participated in Operation Sandstone, the Atomic Tests conducted on Eniwetok. On March 12, 1980, Ray Jeffers died as a result of bronchogenic cancer of the lung. His widow filed a claim to establish that the cause of her spouse's death was service-connected based on his exposure to radiation.
 
 
 3
 In 1981, the Board of Veterans Appeals denied service-connection for the cause of the veteran's death. Jeffers subsequently reopened her claim based on the new laws and regulations regarding exposure to radiation. In June of 1990, the Board denied entitlement stating that the "probable maximum dose of ionizing radiation that the veteran received as a participant in Operation Sandstone, was very minimal and less than a chest X-ray." In view of that finding and the veteran's noted long history of tobacco use, the Board determined that no "new factual basis for warranting service-connection for the cause of the veteran's death" had been presented and that the veteran's death was not due to exposure to ionizing radiation. Jeffers appealed and the Court of Veterans Appeals affirmed the Board's decision stating Jeffers had not "demonstrated that the Board committed either factual or legal error which would warrant reversal."
 
 
 4
 This court has limited authority to review the Court of Veterans Appeals' decision. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation that the Court of Veterans Appeals relied on in its decision, this court has no authority to review the issues presented in Jeffer's appeal. Livingston v. Derwinski, No. 91-7066, slip op. at 5-6 (Fed.Cir. Mar. 17, 1992). In addition, this court is barred from reviewing challenges to factual determinations. See Johnson v. Derwinski, 949 F.2d 394 (Fed.Cir.1992). Jeffer's informal brief reveals that, essentially, she disagrees with the Court of Veterans Appeals affirmance of the Board's factual determination that the cause of her spouse's death was not service-connected. She states: "the Court's decision was made only on their interpretations of medical information ..." Jeffers has not carried her burden of establishing jurisdiction in this court and dismissal is appropriate.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.