979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alberta C. PANEM, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7057.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss the appeal of Alberta C. Panem for lack of jurisdiction. Panem has not filed a response.
 
 
 2
 On June 5, 1990, the Board of Veterans Appeals denied Panem's claim for survivor benefits based on a finding that the service-connected disability of Panem's husband did not cause his death. Panem sought review of the Board's decision by the Court of Veterans Appeals. The Court of Veterans Appeals, No. 90-1051, summarily affirmed the Board's decision.
 
 
 3
 In her informal brief, Panem challenges only the Board's findings of fact and application of law as affirmed by the Court of Veterans Appeals. "In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal." Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992); 38 U.S.C. § 7292(a), (d)(1) and (2). Panem neither contests the validity of any statute or regulation nor challenges the interpretation of a statute or regulation. Instead, Panem contests the Board's specific findings of fact and the application of the law to her case. We are barred from reviewing such challenges. Livingston, id.; Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Because Panem has not carried her burden of establishing jurisdiction in this court, dismissal is appropriate.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.