975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edd D. CALDWELL, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs, Charles
L. Cragin, Chairman of the Board of Veterans Appeals and
Alonzo M. Poteet, III, Director, Department of Veterans
Affairs Regional Office, Waco, Texas, Respondents-Appellees.
 No. 92-7016.
 United States Court of Appeals, Federal Circuit.
 July 28, 1992.
Rehearing Denied Aug. 27, 1992.
 
 Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Edd D. Caldwell appeals from the July 3, 1991 order of the Court of Veterans Appeals (review denied August 29, 1991, review en banc denied October 18, 1991), No. 91-662, denying his petition for writ of mandamus. We affirm.
 
 BACKGROUND
 
 2
 This matter stems from Caldwell's appeal of a Veterans Administration regional office rating decision to the Board of Veterans Appeals and his request for a hearing in Dallas, Texas before the traveling section of the Board.* In its February and April 1991 correspondence, the regional office informed Caldwell that the traveling section generally visits the regional office in Waco, Texas annually and because of the large number of requests, Caldwell's hearing might not be scheduled until 1992 or 1993. On April 15, 1991, Caldwell filed a petition for writ of mandamus with the Court of Veterans Appeals requesting that the Court of Veterans Appeals (1) direct the regional office to submit the record on appeal in his case to the Board of Veterans Appeals, (2) require the Board to assign a traveling section of the Board to conduct a hearing in Dallas, and (3) render its decision "within a reasonable time."
 
 
 3
 While his petition was pending at the Court of Veterans Appeals, the regional office informed Caldwell that a hearing had been scheduled for July 24, 1991 in Waco before a traveling section of the Board. Shortly thereafter, Derwinski, in his opposition to the writ, pointed out that a hearing before the traveling section of the Board had already been scheduled and moreover, that if Caldwell could not travel to Waco, a telephonic conference between Caldwell and the Board in Washington could be arranged.
 
 
 4
 On July 3, 1991, the Court of Veterans Appeals denied Caldwell's petition for a writ of mandamus. The Court of Veterans Appeals determined that in view of the scheduled hearing and suggested alternative, Caldwell had received almost all of the relief requested. The Court of Veterans Appeals considered Caldwell's request to direct the Board to render its decision in a reasonable time premature because the Board-level hearing had not yet occurred. Rehearing was denied on August 29, 1991 and review en banc was denied on October 18, 1991.
 
 
 5
 In his informal brief, Caldwell argues, inter alia, that the Court of Veterans Appeals erred (1) by not acknowledging, referring, or responding "to any evidence, argument or document submitted by appellant," (2) by failing to state its conclusions of law, determinations as to factual matters, and designate those specific records of the government on which it relied, as required by 38 U.S.C. § 7267, and (3) by failing to compel the Board pursuant to 38 U.S.C. § 7261(a)(2) to immediately issue its final decision.
 
 DISCUSSION
 
 6
 Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing decisions with respect to matters not delineated by 38 U.S.C. § 7292. Johnson v. Derwinski, 949 F.2d 394 (Fed.Cir.1991). Section 7292 provides in relevant part:
 
 
 7
 (a) After a decision of the United States Court of Veterans Appeals is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than determination as to a factual matter) that was relied on by the Court in making the decision....
 
 
 8
 (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions to the extent presented and necessary to a decision....
 
 
 9
 Caldwell is essentially seeking review of the Court of Veterans Appeals' application of the law to his case. Caldwell states that the Court of Veterans Appeals failed to comply with the mandatory provisions of 38 U.S.C. § 7261(a)(2) and § 7267. Specifically, Caldwell states that the Court of Veterans Appeals should have stated "its conclusions of laws and determinations as to factual matters" and should have compelled the Board to "immediately issue its final decision." Although the issue is a matter of law, that is not enough to render the matter subject to this court's review. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation, we have no authority to review the issues presented in Caldwell's appeal. Livingston v. Derwinski, No. 91-7066, slip op. at 5-6 (Fed.Cir. Mar. 17, 1992). Accordingly, to the extent that Caldwell is seeking review of the application of the law to his case, review is precluded.
 
 
 10
 To the extent that Caldwell seeks review of the Court of Veterans Appeals's order with respect to the interpretation of 38 U.S.C. § 7261, the order should be affirmed. Caldwell argues that the Court of Veterans Appeals misinterpreted § 7261.
 
 Section 7261 provides:
 
 11
 (a) In any action brought under this chapter, the Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall--....
 
 
 12
 (2) compel action of the Secretary unlawfully withheld or unreasonably delayed ...
 
 
 13
 Caldwell argues that his petition met the "requirements" of § 7261, and hence that the Court of Veterans Appeals should have compelled the Secretary to render a decision as quickly as possible after the hearing. Caldwell further argues that "Congress' use of the words 'shall compel' deprived the court of any discretionary power to take an alternative action."
 
 
 14
 The Court of Veterans Appeals did not reach the issue of whether the Secretary should be compelled to render a decision as quickly as possible after the hearing, because the Board had not yet held a hearing. We cannot say that the Court of Veterans Appeals reasoning that Caldwell's request was premature was a misinterpretation of § 7261. Accordingly, the Court of Veterans Appeals' order is affirmed.
 
 
 
 *
 A claimant filing an appeal to the Board of Veterans Appeals may request any one of three types of Board-level hearings: (1) a Board hearing held at the regional office before a regional office hearing officer, (2) a Board hearing before a traveling section of the Board held at the regional office, and (3) a Board hearing held at the Board of Veterans Appeals in Washington, D.C. Options one and two involve the creation of a hearing transcript that is later reviewed by the Board of Veterans Appeals. Veterans Benefits Manual § 6.8.5 (1991)