983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fannie McCARTNEY, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7056.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss Fannie McCartney's appeal for lack of jurisdiction. McCartney has not filed a response.
 
 
 2
 In 1977, the Veterans Administration regional office denied McCartney's claim for benefits as the widow of veteran William R. McCartney on the ground that the cause of the veteran's death from cancer of the right tonsil was not service connected. In 1989, McCartney reopened her claim by submitting additional evidence. On January 25, 1990, the regional office determined that the new evidence did not establish a service connection to the veteran's death and denied the claim. On January 16, 1991, the Board of Veterans Appeals concluded that McCartney's evidence was new and material, but that it did not establish a service connection to the veteran's death. McCartney appealed to the Court of Veteran's Appeals. On April 29, 1992, the Court of Veterans Appeals held that the Board erred in concluding that new and material evidence had been submitted, but that the error was harmless in view of the Board's denial of the claim. The court summarily affirmed the Board's decision, stating that McCartney failed to demonstrate that the Board committed either factual or legal error warranting reversal. McCartney appealed to this court.
 
 
 3
 In her informal brief, McCartney argues that her husband's death was service connected. McCartney states that the Court of Veterans Appeals failed to take into account that her husband had enlarged tonsils upon his separation from service "which later over the years resulted in cancer."
 
 
 4
 Pursuant to 38 U.S.C.A. § 7292(a) (West 1991), a party may seek review of a decision of the Court of Veterans Appeals only "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Here, McCartney does not challenge the validity or interpretation of a statute or regulation. As to McCartney's claim that the Court of Veterans Appeals did not consider certain facts in its decision, this court may not review challenges to factual determinations. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C.A. §§ 7292(a), (d)(1)-(2) (West 1991).
 
 
 5
 McCartney's appeal, therefore, is not within the jurisdiction of this court.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.