983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KING, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7081.
 United States Court of Appeals, Federal Circuit.
 Oct. 30, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss Robert W. King's appeal for lack of jurisdiction. King has not filed a response.
 
 
 2
 In 1977, the Veterans Administration regional office denied King's claim for benefits for his schizophrenia on the ground that his psychiatric disorder was not service connected. King's appeal was denied by the Board of Veterans Appeals. King reopened his claim in 1980 and in 1988. Both claims were denied. In 1989, King again reopened his claim. On October 22, 1990, the Board found that the evidence received did not establish any facts different from those previously found and denied the claim.
 
 
 3
 On appeal, the Court of Veterans Appeals held that the Board erred in reopening King's claim because no new and material evidence was submitted, but that the error was harmless in view of the Board's denial of the claim. The court summarily affirmed the Board's decision, stating that King failed to demonstrate that the Board committed either factual or legal error warranting reversal.
 
 
 4
 In his informal brief, King argues that the additional evidence he submitted was "new," and that it established that his psychiatric disorder was service connected. Pursuant to 38 U.S.C.A. § 7292(a) (West 1991), a party may seek review of a decision of the Court of Veterans Appeals only "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Here, King does not challenge the validity or interpretation of a statute or regulation. King claims only that the Court of Veterans Appeals did not reach the correct factual conclusion. This court may not review challenges to factual determinations. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C.A. §§ 7292(a), (d)(1)-(2) (West 1991).
 
 
 5
 King's appeal, therefore, is not within the jurisdiction of this court.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.