983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth J. GIBBINS, Jr., Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7079.
 United States Court of Appeals, Federal Circuit.
 Oct. 30, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss Kenneth J. Gibbins, Jr.'s appeal for lack of jurisdiction. Gibbins opposes. The Secretary moves, in the alternative, for a 21-day extension of time to file his brief if his motion to waive the requirements of Fed.Cir.R. 27(d) is denied. Gibbins opposes.
 
 
 2
 The Court of Veterans Appeals granted the Secretary's motion for summary affirmance on April 30, 1992 and denied reconsideration on June 12, 1992. Before this court, Gibbins challenges only factual determinations or the application of a law or regulation to his claim. Gibbins does not contest the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation. Nor did the Court of Veterans Appeals in its summary affirmance consider the validity or interpretation of a statute or regulation.
 
 
 3
 This court may not review Gibbins' challenges to factual determinations. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991) (dismissal is required when an appellant from the Court of Veterans Appeals challenges only factual determinations); 38 U.S.C.A. § 7292(d)(1)-(2) (West 1991). Further, the court may not review challenges to a law or regulation as applied to the facts of a case.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) The Secretary's motion for an extension of time to file his brief is moot.