988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John D. PIETRORAZIO, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7087.
 United States Court of Appeals, Federal Circuit.
 Dec. 2, 1992.
 
 3 Vet.App. 208.
 DISMISSED.
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss John D. Pietrorazio's appeal for lack of jurisdiction. Pietrorazio has not filed a response.
 
 
 2
 In 1979, the Veterans Administration regional office denied Pietrorazio's claim for benefits for a spine injury on the ground that the injury was not service connected. Pietrorazio's appeal was denied by the Board of Veterans Appeals. Pietrorazio twice reopened his claim by submitting additional evidence. In 1983 and 1984 respectively, the claims were denied. In 1990, Pietrorazio again attempted to reopen his claim. On June 24, 1991, the Board concluded that the additional evidence submitted was neither new nor material and declined to reopen the claim. Pietrorazio appealed to the Court of Veterans Appeals. The Court of Veterans Appeals summarily affirmed the Board's decision, stating that Pietrorazio failed to demonstrate that the Board committed either factual or legal error warranting reversal. Pietrorazio moved for panel review. On August 24, 1992, the Court of Veterans appeals denied the motion for panel review. Pietrorazio appealed to this court.
 
 
 3
 In his informal brief, Pietrorazio argues that the Court of Veterans Appeals failed to consider certain facts and reached the wrong factual conclusion. Pursuant to 38 U.S.C.A. § 7292(a) (West 1991), a party may seek review of a decision of the Court of Veterans Appeals only "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Here, Pietrorazio does not challenge the validity or interpretation of a statute or regulation. As to Pietrorazio's claim that the Court of Veterans Appeals did not consider certain facts in its decision, this court may not review challenges to factual determinations. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C.A. §§ 7292(a), (d)(1)-(2) (West 1991).
 
 
 4
 Pietrorazio's appeal, therefore, is not within the jurisdiction of this court.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.