988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rae Elaine HATFIELD, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7075.
 United States Court of Appeals, Federal Circuit.
 Dec. 2, 1992.
 
 2 Vet.App. 533.
 DISMISSED.
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive Fed.Cir.R. 27(d) and to dismiss Rae Elaine Hatfield's appeal. Hatfield opposes.
 
 
 2
 Hatfield served on active duty with the Armed Forces from 1966 through 1980. In 1983, the regional office denied Hatfield's claim for service connection for an eye disorder. Hatfield did not appeal the denial. Subsequently, Hatfield submitted additional evidence. On June 21, 1991, the Board of Veterans Appeals concluded that the additional evidence submitted was neither new nor material and refused to reopen Hatfield's claim. The Board noted that at the time of her separation examination in 1980, Hatfield stated that she had worn glasses since childhood for defective vision acuity.
 
 
 3
 On appeal, the Court of Veterans Appeals granted the Secretary's motion for summary affirmance holding that Hatfield had "not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand." The Court also stated that it was satisfied that "the BVA decision satisfies the 'reasons or bases' requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b))."
 
 
 4
 Hatfield states in her informal brief that she submitted new and material evidence to the Department of Veterans Affairs and that her vision problems "are a direct result" of her service experience. She also argues that the Court of Veterans Appeals decision is wrong because her "vision deficiencies are not developmental, congenital, or any other non-service caused." Hatfield's informal brief reveals that, essentially, she disagrees with the Court of Veterans Appeals decision to the extent that it affirmed the Board's factual determination that her eye disorder was neither incurred in nor aggravated by service.
 
 
 5
 This court has limited authority to review Court of Veterans Appeals' decisions. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation, this court has no authority to review the issues presented in Hatfield's appeal. Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992). Moreover, this court is barred from reviewing challenges to factual determinations. See Johnson v. Derwinski, 949 F.2d 394 (Fed.Cir.1992). Here, Hatfield is challenging the Court of Veterans Appeals determination that the Board did not commit reversible error in holding that Hatfield failed to present new or material evidence which would warrant reopening her claim. Hatfield also takes issue with the Court of Veterans Appeals decision to the extent that it affirmed the Board's factual determination that her eye disorder was not service connected. Thus, Hatfield has not carried her burden of establishing jurisdiction in this court and dismissal is appropriate.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.