36 F.3d 1113
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert H. WERDEN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7041.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Robert H. Werden's appeal for lack of jurisdiction. Werden opposes.*
 
 
 2
 Werden is a disabled veteran who was found eligible by the Department of Veterans Affairs for a $35,000 grant to be applied toward the construction of a specially adapted home. However, Werden alleged that there were flaws in the construction of his home and objected to the VA's disbursement of the grant funds to the contractor. The VA disbursed the funds to the contractor, and Werden filed a claim maintaining that the VA's payment "had the practical effect of depriving him of the benefits of the grant."
 
 
 3
 The Board of Veterans Appeals determined that it lacked jurisdiction over Werden's claim because Werden had been granted his benefit in full, the agency had discretion to disburse the funds, and the agency's disbursement decision was not subject to review by the Board. Werden appealed to the Court of Veterans Appeals.
 
 
 4
 In his appeal, Werden maintained that the Board panel that decided his claim had been improperly composed of fewer than three members. Werden argued that although the Chairman is authorized to direct a panel to proceed with fewer than three members, one of the panel members was excused from hearing Werden's appeal by a Section Chairman, rather than the Chairman. Werden also alleged that the Board's decision that it lacked jurisdiction was in error.
 
 
 5
 Before the Court of Veterans Appeals, the Secretary of Veterans Affairs conceded that the Board's panel had been improperly constituted and that the Board's decision regarding jurisdiction was not supported by adequate reasons. The Secretary requested a remand. The Secretary noted that after the hearing in Werden's case, the Chairman directed all Board hearings to be conducted by a single member of the panel that would decide the appeal. Werden agreed to a remand, but requested that the Court of Veterans Appeals order the hearing on remand to be conducted by a three-member panel or, in the alternative, that the Chairman issue an order specifically identifying any absent member and the reason for the absence.
 
 
 6
 The Court of Veterans Appeals vacated the Board's decision on the ground that it was not well-supported and remanded the matter for readjudication. The Court of Veterans Appeals specifically declined to reach the issue of the Chairman's authority to assign Board panels of fewer than three members, stating that it "would be premature and unnecessary at this time." Thus, the Court of Veterans Appeals issued its decision without the directions requested by Werden regarding the composition of the panel on remand. Werden appealed to this court, requesting review of the issue of the Chairman's authority to assign panels of fewer than three members.
 
 
 7
 Because Werden's case was remanded to the Board, the Court of Veterans Appeals' order is not a final, appealable order. See Cabot Corp. v. United States, 788 F.2d 1539, 1542-43 (Fed.Cir.1986). We noted an exception in Travelstead v. Derwinski, 978 F.2d 1244, 1249 (Fed.Cir.1992). In that case, we stated that, although orders remanding to an administrative agency for further proceedings are not generally final or appealable, a remand order may be recognized as final to insure that the court of appeals will be able to review an important legal question that the remand would make effectively unreviewable.
 
 
 8
 Here, that concern is not applicable. The issue Werden requests us to review, the extent of the Chairman's authority to constitute Board panels of fewer than three members, was not addressed by the Court of Veterans Appeals. If, on remand, the Board rules against Werden with a panel comprising fewer than three members, he may appeal the decision, including the issue of the extent of the Chairman's authority to assign panels, to the Court of Veterans Appeals. If appropriate, Werden may then appeal to this court.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 11
 (2) The Secretary's motion to dismiss is granted.
 
 
 12
 (3) Each side shall bear its own costs.
 
 
 
 *
 Werden argues that the Secretary should not be permitted to waive Fed.Cir.R. 27(e) and file a motion to dismiss after Werden has filed his brief. However, our case law allows a party to move for such a waiver where the circumstances are appropriate. See Johnson v. Derwinski, 949 F.2d 394, 395 n. 1 (Fed.Cir.1991). Also, Werden requests an additional 14 days to respond to the substance of the Secretary's motion to dismiss if the court grants the Secretary's motion to waive. However, Werden's opposition to the substance of the motion should have been included in his response. We do not deem it necessary to allow Werden additional time to file a second response