NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE DIXON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7013

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-3836, Judge Robert N. Davis.

---

Decided: March 9, 2012

---

WILLIE DIXON, of Coatesville, Pennsylvania, pro se.

MEREDYTH COHEN HAVASY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. On Counsel

on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

Willie Dixon appeals a U.S. Court of Appeals for Veterans Claims ("Veterans Court") decision, *Dixon v. Shinseki*, No. 09-3836 (Vet. App. July 29, 2011). The Veterans Court affirmed an October 1, 2009 decision of the Board of Veterans' Appeals ("Board") decision, which declined to reopen a previously-denied service connection claim for post-traumatic stress disorder ("PTSD") and further denied a service connection for hepatitis C and for a skin disorder as secondary to Agent Orange exposure. For the reasons set forth below, we *dismiss* for lack of jurisdiction.

## I. BACKGROUND

Mr. Dixon served on active duty from June 1967 to March 1970, including service in Vietnam. Later, he was a member of the Marine Corps Reserve from March 1974 to May 1978 and had active duty for training from March to August 1974. Mr. Dixon received an undesirable discharge from his first period of service based upon a record of several courts-martial and nonjudicial punishments. In 1977, under the Department of Defense ("DoD") special discharge review program, his discharge was upgraded to a discharge under honorable conditions. However, in 1980, the Department of Veterans Affairs ("VA") Regional Office ("RO") determined that the character of Mr. Dixon's discharge nonetheless precluded payment of VA benefits because the DoD's upgrade was not

affirmed by the discharge review board.[1]    Mr. Dixon separated from his second period of service under honorable conditions.

In March 1996, Mr. Dixon filed a claim for service-connected disability compensation for PTSD.  In August 1996, the RO denied the claim, stating that the character of Mr. Dixon's discharge from his first period of service precluded payment of benefits.  The RO also noted that the records in evidence did not reflect an in-service stressor during his second period of service.  Because Mr. Dixon did not appeal either the 1980 or the 1996 RO decision, they became final.

In November 2000, Mr. Dixon filed what was construed as a request to reopen his 1996 PTSD claim.  The RO denied the request, again noting the character of Mr. Dixon's discharge from his first period of service and his failure to provide new and material evidence of a verifiable stressor during his second period of service.  Mr. Dixon subsequently appealed the RO's decision to the Board.  While his appeal was pending, he requested that two additional issues be added to his claim—hepatitis C and a skin condition related to exposure to Agent Orange.

In May 2004, the Board found that there was no new and material evidence warranting the reopening of the previously-denied claim.  The Board further noted that

---

[1]    An honorable or general discharge awarded under the DoD special discharge review program does not remove a bar to benefits based on persistent and willful misconduct unless a discharge review board determines that the original discharge would be upgraded under uniform standards meeting certain requirements.  *See* 38 C.F.R. § 3.12(h)(2).

there was no evidence submitted disputing the character of Mr. Dixon's first discharge.

In October 2005, the RO denied compensation for hepatitis C and a skin disorder as secondary to Agent Orange exposure because of the character of Mr. Dixon's discharge.

Mr. Dixon appealed the 2004 Board decision to the Veterans Court, raising several arguments that were never raised before the Board. Specifically, Mr. Dixon argued for the first time that he had incompetent counsel at the time he was discharged from his first period of service. He also argued that he was not informed of the 1980 RO decision and that as a result, he was not aware of his appeal rights. Finally, he asserted that the VA should have considered whether his PTSD affected his judgment during his first enlistment. Because none of these arguments had been raised before the Board, the Veterans Court remanded for initial consideration by the Board. In March 2008, the Board remanded the PTSD, hepatitis C, and skin condition claims to the RO for further development.

In July 2009, the RO issued a Supplemental State-ment of the Case, again finding that no new and material evidence had been submitted to reopen the PTSD claim and continuing to deny the hepatitis C and skin condition claims. The RO also found that the evidence failed to show that Mr. Dixon had incompetent counsel and that his claims file indicated that he was notified of the 1980 decision. Furthermore, the RO found no evidence that Mr. Dixon's PTSD affected his judgment during his first period of service. As to hepatitis C and a skin disorder, the RO found no indication in Mr. Dixon's VA treatment records for either, and noted that service connection for

either would be denied regardless because of the character of Mr. Dixon's discharge.

Mr. Dixon appealed to the Board, and the Board affirmed the RO's decision. Specifically, the Board found that the evidence submitted was not new and material because it merely reflected Mr. Dixon's current PTSD symptoms; it did not show a change in discharge status or that he was insane at the time he committed willful misconduct.[2] The Board further held that evidence of stressors during his second period of service was not material because it was lay speculation on medical issues. Regarding Mr. Dixon's assertion that he was notified of the 1980 decision, the Board applied the presumption of regularity to determine that he did receive notice. The Board also found that there was no evidence of current hepatitis C or a skin disorder.

Mr. Dixon again appealed and on October 1, 2009, the Veterans Court affirmed the Board's decision. Before the Veterans Court, Mr. Dixon argued that the Board erred in several respects. First, Mr. Dixon argued that the "Board improperly construed his statements that his second period of service exacerbated his PTSD as incompetent statements of medical causation rather than descriptions of observable symptomatology." *Dixon*, slip op. at 1. He also asserted that the Board failed to comply with the Veterans Court's remand order, which he interpreted as requiring an examination of the relationship between his PTSD symptoms and the misconduct resulting in the discharge from his first period of service. Additionally, he

---

[2] If a person was insane at the time of committing an offense leading to the person's court-martial, discharge, or resignation, the person is not barred from VA benefits based upon that period of service. 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b).

asserted that the PTSD claim was inextricably intertwined with the hepatitis C and skin condition claims and that as a result, those claims should be remanded too. Finally, he asserted that the Board applied extraneous considerations pertaining to an insanity determination, contrary to *Gardner v. Shinseki*, 22 Vet. App. 415 (2009).

In affirming the Board, the Veterans Court noted that the issue before it was whether Mr. Dixon had submitted new and material evidence to reopen his original claim for service-connected disability compensation for PTSD resulting from experiences during his first period of service. Therefore, Mr. Dixon's lay statements concerning aggravation were not relevant to the issue before the court. However, the court did acknowledge that evidence showing aggravation of pre-existing PTSD during Mr. Dixon's second period of service would relate to a new claim based on aggravation under 38 U.S.C. § 1153.

The Veterans Court also noted that the duty to assist does not arise until after there is new and material evidence to reopen a previously-denied claim. Accordingly, the court's remand order did not require the VA to provide a retrospective medical opinion on whether Mr. Dixon's PTSD rendered him insane. The court further found that the hepatitis C and skin disease claims were not inextricably intertwined with the PTSD claim, and that Mr. Dixon did not dispute the Board's finding that there was no evidence of current disability for either of these claims. Finally, while the Veterans Court acknowledged that the Board's reference to knowing right from wrong was "regrettably confusing," the court noted that this reference "does not detract from the Board's assessment that there was no medical evidence of insanity during the period in question." *Dixon*, slip op. at 4.

Mr. Dixon appealed the Veterans Court's decision to this court.

## II. DISCUSSION

Our jurisdiction to review decisions by the Veterans Court is limited. We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, we lack jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Mr. Dixon argues that he should be found to have service-connected PTSD. Though evidence of aggravation of PTSD during Mr. Dixon's second period of service might be the basis for a new claim (*see* 38 U.S.C. § 1153), it is not relevant to the question of whether Mr. Dixon submitted new and material evidence regarding his PTSD claim based upon his first period of service. Indeed, there is no dispute that Mr. Dixon has been diagnosed with PTSD and that the PTSD has been found to have been caused by an in-service stressor that occurred during his first period of service. The reason Mr. Dixon has not been granted service-connected disability compensation for his PTSD is that the character of his discharge from his first period of service constituted a bar to the payment of benefits.

A veteran discharged "by reason of the sentence of a general court-martial" is not entitled to VA benefits

unless "at the time of the commission of [the] offense . . . that person was insane." *Id.* § 5303(a)-(b). Because Mr. Dixon did not appeal the RO's 1996 determination that the character of his discharge precluded payment of benefits for his PTSD, the determination became final. *Id.* § 7105(c). Thus, the issue before the Board and the Veterans Court in the present appeal was whether Mr. Dixon submitted new and material evidence warranting a reopening and reconsideration of the 1996 denial. *See id.* § 5108.

Mr. Dixon does not challenge the validity or interpretation of the applicable statutes and regulations. Rather, Mr. Dixon essentially disputes the Board's determination that he did not submit new and material evidence showing that he met the criteria for insanity under 38 U.S.C. § 5303(b). However, the issue of whether evidence is new and material is a factual issue outside this court's jurisdiction to consider. *See id.* § 7292(d)(2). This court is without jurisdiction.

### COSTS

Each party shall bear its own costs.

### **DISMISSED**