NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WADE REED,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7081

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3163, Chief Judge Bruce E. Kasold.

---

Decided:  September 16, 2013

---

WADE REED, of Denmark, South Carolina, pro se.

SCOTT SLATER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, and ANNA ELAZAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge,* LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

Wade Reed appeals *pro se* from the decision of the U.S. Court of Appeals for Veterans Claims affirming a decision by the Board of Veterans' Appeals ("Board") that denied benefits for a certain groin disorder.

## BACKGROUND

Mr. Reed served on active duty from May 1971 to February 1973. Service treatment records indicate that Mr. Reed reported groin pain in June 1971. In 1972, Mr. Reed sought treatment for what he described as a hernia and a sexually transmitted disease. He was diagnosed with right inguinal adenopathy (swollen lymph nodes) and condylomata acuminate (an STD). Before Mr. Reed separated from the service, a February 1973 statement of condition also indicated that he was suffering from groin pain and that his STD would require follow-up treatment.

Post-service records reflect that Mr. Reed complained of groin pain in January 2002, November 2005, May 2006, and July 2006. During a VA examination in April 2007, Mr. Reed again complained of left groin pain, which he maintained he had been experiencing since his active duty service. Despite Mr. Reed's subjective complaints, no objective or clinical evidence supported a diagnosis of inguinal ring dilation or any other groin disorder.

Mr. Reed filed a claim for service connection for left inguinal ring dilation as a residual effect of a ruptured hernia. In 2008, the Board denied Mr. Reed's claim. On appeal, the Court of Appeals for Veterans Claims affirmed

the Board's decision with respect to Mr. Reed's ring dilation claim, but remanded for the Board to address the full scope of Mr. Reed's claim with respect to groin pain.

During a September 2010 VA examination, the medical examiner acknowledged Mr. Reed's subjective complaints of right groin pain and considered his medical history, but noted that Mr. Reed did not exhibit swelling, infection, abnormality, or tenderness during the examination. As a result, the examiner reported that Mr. Reed's condition was benign and diagnosed a "history of infected inguinal adenopathy in service in 1972 currently with no groin issues at this time." Joint App'x 40–41. Based on his review of Mr. Reed's file and the results of the examination, the VA examiner opined that Mr. Reed did not suffer from a current groin disorder.

After receiving the examiner's report, the Board found that there was "no credible or competent evidence that the Veteran has a current diagnosis of a groin disorder at any time during the appeals process." *In re Reed*, No. 06-34 650, slip op. at 3 (B.V.A. Oct. 11, 2011). Accordingly, the Board denied Mr. Reed's claim. The Court of Appeals for Veterans Claims affirmed, concluding that the Board properly applied the law and that it did not err by failing to obtain certain documents relating to the reasons for Mr. Reed's discharge. Mr. Reed appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(a), (c).

## DISCUSSION

Our jurisdiction to review decisions of the Court of Appeals for Veterans Claims is strictly limited by statute. 38 U.S.C. § 7292. We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We therefore gener-

ally lack jurisdiction to review challenges to the Board's factual determinations.  *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

The government argues that we lack jurisdiction to decide the issues Mr. Reed raises in this appeal because they are factual in nature and Mr. Reed appears to concede as much in his brief.  Mr. Reed contends that the Court of Appeals for Veterans Claims erred when it failed to instruct the Board to obtain documents related to the reason for his discharge, AR 635-200 SPN 28B.  Reading Mr. Reed's informal brief liberally, he is essentially arguing that the Board failed to fulfill its duty to assist the veteran by not obtaining certain documents.  *See* 38 U.S.C. § 5103A(b)(1) ("[T]he Secretary shall make reasonable efforts to obtain relevant private records that the claimant adequately identifies to the Secretary.").  To the extent Mr. Reed is asking us to determine the scope of the duty to assist, this is a legal issue that we have jurisdiction to decide under § 7292(d)(1).  *See Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013).

We must decide whether the Board erred by failing to obtain the documents Mr. Reed identified.  Following Mr. Reed's VA medical examination in September 2010, the Board found that there was "no credible or competent evidence that the Veteran has a current diagnosis of a groin disorder at any time during the appeals process." Joint App'x 35.  The existence of a current disability is a necessary prerequisite for a compensable claim for VA disability benefits.  *See Degmetrich v. Brown*, 104 F.3d 1328, 1332 (Fed. Cir. 1997).  Although there is evidence of subjective complaints of pain, we are unable to upset the Board's factual finding of no current disability.  *See* § 7292(d)(2).  Furthermore, we agree with the Court of Appeals for Veterans Claims that the relevance of the documents identified by Mr. Reed is unclear given that they were created 40 years before his claim and involve a discharge related matter. As such, the documents could

not demonstrate an error in the Board's finding of no current disability. Because the duty to assist requires only reasonable efforts to obtain relevant records, we hold that the Board did not err in failing to obtain the documents identified by Mr. Reed.

We have reviewed the record, considering Mr. Reed's other arguments, and conclude that the judgment of the Court of Appeals for Veterans Claims should be affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.