NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEWIS C. COOK,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1562

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7993, Judge William S. Greenberg.

---

Decided:  March 28, 2025

---

CHRISTOPHER PAUL JETER, Massillamany Jeter & Carson LLP, Fishers, IN, argued for claimant-appellant.  Also represented by ROBERT W. LEGG, Law Office of Robert W. Legg, Arlington, VA.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA

M. MCCARTHY; CHRISTOPHER O. ADELOYE, CHRISTINA LYNN
GREGG, Y. KEN LEE, Office of General Counsel, United
States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Lewis C. Cook appeals from the decision of the United
States Court of Appeals for Veterans Claims ("Veterans
Court") affirming the decision of the Board of Veterans' Ap-
peals ("Board"), which denied Mr. Cook a disability rating
increase and denied him a total disability rating based on
individual unemployability ("TDIU"). *Cook v. McDonough*,
No. 21-7993, 2022 WL 17324229 (Vet. App. Nov. 29, 2022)
("*Decision*"). For the reasons discussed below, we *dismiss*
Mr. Cook's appeal for lack of jurisdiction.

## I.   BACKGROUND

In 1975, Mr. Cook applied for disability benefits, seek-
ing compensation or a disability pension for an eye injury
he incurred while working at a Department of Veterans Af-
fairs ("VA") hospital. *Decision* at \*2; J.A. 488–89.[1] The fol-
lowing year, in 1976, a VA Regional Office ("RO") assigned
Mr. Cook a 60 percent disability rating based on a diagno-
sis of "thyrotoxicosis with exophthalmos and nervous con-
dition" and awarded him a non-service-connected disability
pension effective July 1, 1975. *Decision* at \*2; J.A. 478, 480.
The VA subsequently suspended Mr. Cook's non-service-
connected pension benefits in 1981 because of a change in
his income relating to his receipt of Social Security bene-
fits. *Decision* at \*2; J.A. 475–76. Mr. Cook applied for VA
benefits again in 2006, stating that he no longer was re-
ceiving Social Security benefits while admitting that his

———————————

[1]   "J.A." refers to the joint appendix, ECF No. 25, filed
by Mr. Cook.

non-service-connected pension had been terminated in 1981. *Decision* at *2; J.A. 435–46.

In 2009, Mr. Cook submitted an informal claim requesting service connection for thyrotoxicosis with exophthalmos. *Decision* at *3; J.A. 435–46. On June 22, 2016, the Board granted Mr. Cook service connection for a thyroid disorder. *Decision* at *3; J.A. 288–94. Accordingly, on July 5, 2016, the RO awarded him: "(1) a 10% disability rating for hypothyroidism, status post Graves' disease (also claimed as thyrotoxicosis)," and "(2) a 0% disability rating for exophthalmos," both effective on September 8, 2009. *Decision* at *3; J.A. 280–86.

On November 25, 2019, the Board denied Mr. Cook entitlement to a rating in excess of 10 percent before December 10, 2017, and in excess of 30 percent after December 10, 2017, for Mr. Cook's service-connected hypothyroidism. *Decision* at *3; J.A. 499. The Board also denied Mr. Cook entitlement to a service-connected TDIU rating. *Decision* at *3; J.A. 499. In March 2020, the Board granted entitlement to an effective date of July 1, 1975, for service-connected hypothyroidism and service-connected exophthalmos associated with hypothyroidism. *Decision* at *3; J.A. 80. A March 2020 rating decision assigned Mr. Cook a 10 percent disability rating for hypothyroidism and a non-compensable disability rating for exophthalmos. *Decision* at *3; J.A. 80.

In March 2021, the Veterans Court set aside the November 2019 Board decision and remanded the case for the Board to provide an adequate statement of reasons and to evaluate Mr. Cook's claim under 38 C.F.R. § 3.344. *Decision* at *3; *Cook v. McDonough*, No. 19-8650, 2021 WL 1182921, at *6–7 (Vet. App. Mar. 30, 2021). In December 2021, the Board again denied Mr. Cook a disability rating over 10 percent effective prior to December 10, 2017, for hypothyroidism, and over 30 percent effective after December 10, 2017, and denied Mr. Cook entitlement to a service-

connected disability rating for TDIU. *Decision* at *3; J.A. 77. In discussing 38 C.F.R. § 3.344, the Board concluded that the "assigned ratings did not revise the January 1976 decision awarding [non-service-connected] pension and the assignment of a 10 percent disability rating prior to December 10, 2017, and 30 percent, thereafter, does not constitute a reduction of the 60 percent rating assigned for [non-service-connected] pension purposes only." *Decision* at *4 (quoting J.A. 83).

Mr. Cook appealed, and the Veterans Court affirmed the Board's decision. *Decision* at *4–5. The Veterans Court found no clear error in the Board's determination that the 60 percent disability rating assigned for non-service-connected pension was not solely for the same disability for which he is currently service connected. *Decision* at *4. The Veterans Court also rejected Mr. Cook's argument that the 1976 decision was a protected rating under 38 C.F.R. § 3.951(b).[2] *Id.* This appeal followed.

## II.    DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c); *Middleton v. Shinseki*, 727 F.3d 1172, 1175 (Fed. Cir. 2013).

---

[2]    This regulation provides that, absent a showing of fraud, the VA may not reduce "[a] disability which has been continuously rated at or above any evaluation of disability for 20 or more years for compensation purposes," or "a rating of permanent total disability for pension purposes which has been in force for 20 or more years." 38 C.F.R. § 3.951(b).

This court may not, except to the extent that an appeal presents a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). "We therefore generally lack jurisdiction to review challenges to the Board's factual determinations or to any application of law to fact." *Middleton*, 727 F.3d at 1175 (citing *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991)).

We lack jurisdiction over this appeal because Mr. Cook challenges factual determinations and does not present a constitutional challenge. Mr. Cook asks us to find that the conditions for which he was non-service-connected in 1976 are the same conditions for which he was later service connected in 2016. *See, e.g.*, Appellant's Br. 7. Mr. Cook's arguments about the relatedness of his service-connected and non-service-connected disabilities sound in fact rather than in law. *Jefferson v. Principi*, 271 F.3d 1072, 1075 (Fed. Cir. 2001) (challenges to whether disabilities are service connected "are factual challenges over which we have no jurisdiction"). Thus, we lack jurisdiction over Mr. Cook's appeal.

Mr. Cook argues that the Board legally erred by violating regulations that emphasize the need for finality in the VA's decisions. *See* Appellant's Br. 12–16. For example, Mr. Cook relies on various regulations to argue that it is necessary to defer to the finality of the Board's decisions. *See, e.g.*, Appellant's Br. 12–14 (citing 38 C.F.R. § 3.104(a), § 3.105(a), § 3.344, and § 3.951(b)). However, these regulations are not applicable because the finality of the Board's decisions is not at issue. *Decision* at \*4. For example, the Board determined that Mr. Cook's 1976 award of a 60 percent non-service-connected pension was based on a different combination of disabilities than the basis for the later service-connected rating decision on appeal. *Decision* at \*3; J.A. 82. This was a finding of fact over which we do not have jurisdiction. Moreover, Mr. Cook does not contend

that the Veterans Court misinterpreted any of these regulations.  At best, Mr. Cook challenges the application of these regulations to the factual circumstances in this case. We also lack jurisdiction to hear such a challenge.

### III.    CONCLUSION

We have considered Mr. Cook's other arguments and find that none of the arguments raises a nonfrivolous issue over which we can assert jurisdiction.  For the above reasons, we *dismiss* Mr. Cook's appeal.

### DISMISSED

### COSTS

No costs.