1 F.3d 1253
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 John T. ADAMS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7042.
 United States Court of Appeals, Federal Circuit.
 June 15, 1993.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss John T. Adams' appeal for lack of jurisdiction. Adams has not responded.
 
 
 2
 The Secretary argues that this court does not have jurisdiction over Adams' appeal because Adams' notice of disagreement was filed prior to November 18, 1988 and because Adams' appeal to the Court of Veterans Appeals was filed more than 120 days after the Board of Veterans Appeals decision. The Court of Veterans Appeals dismissed Adams' appeal on those bases. See 38 U.S.C. Sec. 7251 note; 38 U.S.C. Sec. 7266 (Supp. III.1991).
 
 
 3
 While a timely notice of disagreement and a timely notice of appeal from the Board of Veterans Appeals are prerequisites to the Court of Veterans Appeals jurisdiction, they do not limit this court's jurisdiction to review the Court of Veterans Appeals' decision concerning its jurisdiction. Assuming that all other jurisdictional requirements are met, this court has jurisdiction to review the Court of Veterans Appeals' decision concerning that court's jurisdiction. See, e.g., Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed.Cir.1987) (this court has jurisdiction "to determine the subject-matter jurisdiction of the district court"); Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985) (this court has "the inherent power to determine our own jurisdiction and that of the [Merit Systems Protection] Board"). The arguments in the Secretary's motion to dismiss are, instead, directed to why this court should affirm the Court of Veterans Appeals' decision. Such arguments should, of course, be included in the Secretary's brief.
 
 
 4
 However, we sua sponte consider another requirement for this court's jurisdiction over Adams' appeal. On appeal to this court, Adams challenges only factual determinations or the application of a law or regulation to his case. No issue is raised which falls within the limited jurisdiction of this court under 38 U.S.C. Sec. 7292(c), (d)(1)-(2) (Supp. III 1991). See Livingston v. Derwinski, 959 F.2d 224 (Fed.Cir.1992); Johnson v. Derwinski, 949 F.2d 394 (Fed.Cir.1991). Because Adams does not challenge the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, this court does not have jurisdiction over Adams' appeal.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Adams' appeal is dismissed for lack of jurisdiction.
 
 
 7
 (2) The Secretary's motions are moot.