101 F.3d 717
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond MAREZ, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7032.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1996.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Raymond Marez appeals from a decision of the United States Court of Veterans Appeals affirming the decision of the Board of Veterans Appeals (Board). The Court of Veterans Appeals noted an administrative deficiency in the Board's decision, but eschewed remand because the administrative deficiency did not amount to prejudicial error. Because the Court of Veterans Appeals' decision on this matter is not within the jurisdictional limits of 38 U.S.C. § 7292(d)(2) (1994), this court dismisses.
 
 DISCUSSION
 
 2
 Mr. Marez is a Vietnam War veteran who suffered a leg and foot injury when he stepped on a land mine. In 1969, the Veterans Administration proclaimed Mr. Marez's wounds service-connected, but assigned those wounds a 0% disability evaluation under diagnostic code 7805, "Scars, other." See 38 C.F.R. § 4.118, DC 7805 (1995).
 
 
 3
 In 1991, Mr. Marez requested an increase in rating for his wounds. After denial of Mr. Marez's claim, he appealed to the Board. On May 11, 1994, the Board granted Mr. Marez a "10 percent evaluation for the residuals of the shrapnel wounds to the lower legs and the right foot" under diagnostic code 5310. Diagnostic code 5310 relates to "Group X, Intrinsic muscles of the foot." 38 C.F.R. § 4.73, DC 5310 (1995).
 
 
 4
 On appeal, the Court of Veterans Appeals affirmed the decision of the Board, but noted that Mr. Marez's lower leg wounds could not be covered under diagnostic code 5310, which relates only to foot-related wounds:
 
 
 5
 The appellant's leg scars should remain service connected and rated under DC 7805 unless and until proper severance procedures are undertaken. The right foot should continue to be rated under DC 5310.
 
 
 6
 The Court of Veterans Appeals, however, determined that this error was a mere "administrative deficiency" that could be fixed by "ministerial correction." Without evidence of a current disability in Mr. Marez's lower leg, the court concluded that a remand was not necessary. Mr. Marez now challenges the court's determination that the Board's error could be corrected without reversal or remand.
 
 
 7
 This court has limited jurisdiction over appeals from the Court of Veterans Appeals. 38 U.S.C. § 7292. This court has jurisdiction over decisions "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [court] in making the decision." 38 U.S.C. § 7292(a). Challenges to factual determinations or to application of the law to the facts are beyond this court's jurisdiction. 38 U.S.C. § 7292(d)(2); Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992); Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991).
 
 
 8
 The Court of Veterans Appeals properly noted the Board's improper reclassification of Mr. Marez's wounds into a category that excluded his leg injuries. The court recognized that such a matter could be rectified by ministerial correction. The Department of Veterans Affairs has consented to make this correction. To the extent that Mr. Marez asks this court to go further and determine whether his properly classified leg wounds should be accorded a rating above 0%, his appeal is beyond the jurisdiction of this court. Accordingly, this appeal is dismissed.