NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY A. BIZZARD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7144

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-4562, Chief Judge Bruce E. Kasold.

---

Decided: November 10, 2011

---

MARY A. BIZZARD, of Richmond Hills, Georgia, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

--------------------------------

Before RADER, *Chief Judge*, and LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

Mary Bizzard appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the denial by the Board of Veterans' Appeals ("the Board") of her claim for dependency and indemnity compensation for the death of her husband based on an injury to her husband's left knee. *Bizzard v. Shinseki*, No. 09-4562, 2011 WL 835114 (Vet. App. Mar. 8, 2011) ("Bizzard II"). Because we conclude that Bizzard's challenges are outside the scope of our jurisdiction, we dismiss.

As discussed in a prior appeal to the Veterans Court, Bizzard's husband served on active duty between January and August 1977. *Bizzard v. Shinseki*, No. 07-2123, 2009 WL 1679442, at *1 (Vet. App. June 17, 2009) ("Bizzard I"). During his service, Bizzard's husband suffered an injury to his left knee and underwent treatment for knee pain between March and June 1977. *Id.* The Department of Veterans Affairs ("DVA") awarded him service connection for his injured left knee with a 10 percent disability rating in September 1977. *Id.* That rating was subsequently increased to 20 percent in July 1978. *Id.* Following surgery on his knee in 1979, he was temporarily awarded a 100 percent rating. *Id.*

In July 1983, Bizzard's husband died as a result of a motor vehicle accident while driving a truck. *Id.* Bizzard sought Dependency and Indemnity Compensation ("DIC") pursuant to 38 U.S.C. § 1318, alleging that the service-connected knee injury was the cause of the accident. *Id.* That claim was denied in October 1983 due to a lack of

evidence establishing that his death was the result of a service-connected disability. *Id.* She did not appeal that decision. *Id.*

In later proceedings seeking to reopen her claim for DIC based on clear and unmistakable error ("CUE"), Bizzard submitted three letters from Dr. James Butler, a physician, in support of her claim. *Id.* at *1-2. Dr. Butler's letters stated that Mr. Bizzard's knee condition caused the accident that led to his death because it would have prevented him from operating the clutch and brake of the truck when suddenly braking. DVA Physician Dr. John C. Mueller, on the other hand, reviewed the claim and submitted his own statement that Mr. Bizzard's "knee injury cannot be connected to his accident without resorting to unfounded speculation." *Id.* at *2.

On remand from the prior Veterans Court appeal, the Board held that the letters were new and material evidence warranting reopening the claim, but also made a factual finding that "[t]he Veteran's service-connected left knee disability did not cause the traffic accident that resulted in his death." A.7. While the Board found that the medical records "show beyond question that he had global instability of the knee, which would have been very painful during a pivot shift," the Board ultimately agreed with Dr. Mueller, noting that "nobody knows whether the Veteran tried to stop his truck from hitting the vehicle in front of him; there will never be any records that corroborate [Dr. Butler's] theory or any other theory anyone proposes." A.15-16. The Board then denied Ms. Bizzard's claims.

On appeal, the Veterans Court affirmed the Board's determination. *Bizzard II*, at *1-2. Succinctly summarizing the Board's determination, the Veterans Court stated that the Board's decision "rests on its view that [Dr.

Butler's] opinion is premised on pure speculation, as there was no evidence that the accident was caused in this way, as opposed to the result of fatigue, bad weather, bad brakes, or any number of other reasons." *Id.* at *1. Bizzard then timely appealed.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We generally lack jurisdiction to review challenges to the Board's factual determinations. *See*, *e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

While Bizzard spends much of her informal brief discussing the evidence relating to her husband's injury and treatment, Bizzard mainly argues that the Veterans Court failed to give adequate weight to the evidence she submitted, including the letters submitted by Dr. Butler. She also faults the Veterans Court for giving improper weight to the statement of Dr. Mueller. While Bizzard argues that the Veterans Court decision did involve interpretation of a regulation or statute, she does not identify any such regulation or statute. Bizzard concedes that the Veterans Court decision did not decide a constitutional issue.

The government responds that we lack jurisdiction to review the Veterans Court decision in this case because

Bizzard simply reargues factual issues (or applications of law to fact). According to the government, Bizzard is merely arguing that the Veterans Court failed to give proper weight to the material she submitted in support of her DIC claim.

We agree with the government that we lack jurisdiction. Bizzard's appeal raises only factual disputes and arguments regarding the application of law to fact. While Bizzard cites a number of cases, statutes, and regulations, she does not argue that the Veterans Court addressed their validity or incorrectly interpreted them. Instead, she merely challenges the weight the various Board and Veterans Court decisions afforded the evidence.

The Board examined the submitted evidence, including the letters from Dr. Butler and Dr. Mueller. Weighing the evidence, the Board agreed with Dr. Mueller that Dr. Butler's opinion on the cause of the accident was speculative. We lack jurisdiction to review the weight given to evidence by the Board and Veterans Court. *E.g.*, *Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction."). Therefore, the determination that Dr. Butler's opinion regarding the cause of Bizzard's husband's death was speculation and that there was no evidence of a service connection is beyond our purview.

We have considered Bizzard's remaining arguments and do not find them persuasive as they are similarly fact-based disagreements. Bizzard's challenges on appeal therefore do not fall within the scope of 38 U.S.C. § 7292. Accordingly, we dismiss.

**DISMISSED**

COSTS

No costs.