NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOANN SPIGNER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7019

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-0759, Judge Mary J. Schoelen.

---

Decided: March 9, 2012

---

JOANN SPIGNER, of Dallas, Texas, pro se.

NICHOLAS JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and Martin F. Hockey, Assistant Director. Of counsel on the brief was

MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, BRYSON and LINN, *Circuit Judges*.

PER CURIAM.

Joann Spigner ("Spigner") appeals from a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a decision of the Board of Veterans' Appeals ("Board"), which denied her claim for entitlement to dependency and indemnity compensation ("DIC") benefits pursuant to 38 U.S.C. § 1151. *Spigner v. Shinseki*, No. 10-0759 (Vet. App. June 14, 2011). Because Spigner appeals only factual determinations and the application of law to the facts of her case, this court lacks authority to review the issues presented and dismisses her appeal.

## BACKGROUND

Spigner's now-deceased husband ("Mr. Spigner") served on active duty in the U.S. Marine Corps from 1951 to 1954. In February 1987, Mr. Spigner was admitted to a Department of Veterans Affairs ("VA") medical center for treatment of Korsakoff's syndrome. While an inpatient at the VA medical center, on May 4, 1987, Mr. Spigner slipped and fell on a wet floor. Mr. Spigner complained about, and was treated for, an injury to his left elbow as a result of this fall. A few days later, on May 7, 1987, Mr. Spigner was released from the VA medical center.

In December 1993, Mr. Spigner died in his home. The death certificate indicated that the immediate cause of his death was ischemic heart disease and that the underlying cause was arteriosclerotic cardiovascular disease. Cerebral vascular disease was also listed as another "significant condition" contributing to his death, but not the

underlying cause. Similarly, the autopsy report stated that his death was "the result of sudden cardiac arrest because the vessels that supply the heart muscle itself with blood had been narrowed and reduced." At the time of his death, Mr. Spigner was receiving non-service-connected disability benefits.

In 2005, Spigner filed an application seeking DIC benefits pursuant to 38 U.S.C. § 1151. The VA regional office requested a medical opinion as to whether Mr. Spigner's fall at the VA medical center in 1987 contributed to his death in 1993. The VA doctor concluded that the two events were unrelated and noted that it was unlikely that any documented injury from the 1987 fall contributed in any way to Mr. Spigner's death from heart disease in 1993. Accordingly, the regional office denied Spigner's claim for DIC benefits. In February 2010, the Board affirmed the decision of the regional office. Spigner appealed the Board's decision to the Veterans Court, which on June 14, 2011, affirmed the Board's decision. Spigner appeals.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is limited. In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991). Spigner raises three primary arguments on appeal; each is addressed in turn.

First, Spigner argues that the Veterans Court improperly applied § 1151 to the facts of her case. Specifically, Spigner disagrees with the factual basis for the decision of the Veteran's Court that Mr. Spigner's fall in 1987 did not contribute to his death in 1993. The application of § 1151 to the facts of Spigner's case does not raise

an issue within this court's authority to review. 38 U.S.C. § 7292(d)(2).

Second, Spigner argues that the Veterans Court applied § 1151 to the facts of her case in a manner inconsistent with *Brown v. Gardner*, 513 U.S. 115 (1994). This argument is inapposite. *Gardner* dealt only with whether § 1151 required a showing that the VA was at fault, *id.* at 116, an issue that was not the basis of the Veterans Court's decision here. Here, the question of fault for the fall was not at issue. The only issue was whether Mr. Spigner's death was caused by his injury at the VA facility. The Veterans Court found that sufficient evidence supported the Board's conclusion that his elbow injury in 1987 did not cause his death from ischemic heart disease in 1993. Moreover, § 1151 has been amended substantially in response to the decision in *Gardner*. *See Bartlett v. Shinseki*, 24 Vet. App. 328, 330 n.2 (2011) ("The legislative history is clear that the change [in section 1151] was generated to overturn the U.S. Supreme Court's decision in *Brown v. Gardner*.").

Finally, Spigner also challenges some of the factual findings of the Veterans Court as unconstitutional because the Veterans Court "gave more weight" to the Board's findings than to Spigner's evidence. This argument does not raise a constitutional question and is essentially a challenge to the Veterans Court's weighing of the evidence, a factual matter entirely outside the scope of this court's review authority. *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000); *see also Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[C]haracterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

CONCLUSION

For the foregoing reasons, Spigner's appeal is dismissed.

**DISMISSED**

## Costs

Each party shall bear its own costs.