NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES L. BARNEY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7187

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-2964, Judge Robert N. Davis.

---

Decided: February 10, 2012

---

JAMES L. BARNEY, of Shaker Heights, Ohio, for pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on

the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

James L. Barney appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") that affirmed the Board of Veterans' Appeals (the "Board") decision denying Barney entitlement to veteran's benefits. *Barney v. Shinseki*, No. 08-2964 (Vet. App. Feb. 25, 2011). Because the Veterans Court did not err and we lack jurisdiction over factual issues, we *affirm in part* and *dismiss in part*.

BACKGROUND

James Barney served on active duty in the United States Air Force from November 1959 to October 1961. While on active duty in August 1961, Barney underwent hernia surgery for a right inguinal hernia. From that surgery, the Department of Veterans Affairs (the "VA") has granted Barney service connection for the postoperative residuals of a right inguinal hernia.

In this proceeding, Barney claims that a back disorder is connected to his service in the Air Force, specifically arguing that his back disorder is connected to his inguinal hernia and resulting surgery. Barney also filed a claim for a total disability rating based on unemployability ("TDIU"). In 2008, the Board denied Barney's claim, finding that Barney's back disorder was not causally related to his active service. J.A. 17. In reaching that determination, the Board found that Barney did not

provide the VA with an accurate medical history.  J.A. 28. The Board also denied Barney's TDIU claim.

Barney appealed to the Veterans Court, arguing that the Board did not provide an adequate basis for finding a lack of service connection, including the Board's finding that Barney did not provide accurate information to the VA.  The court rejected Barney's arguments and upheld the Board's decision.  J.A. 1.

After the opinion issued, Barney terminated his attorney and, representing himself, filed a motion for reconsideration.  In his motion, Barney argued that the court should reconsider its decision because his former attorney failed to include two forms in the Record of Proceeding, specifically Air Force Forms 509 and 75, although those documents appeared in the Record Before the Agency.  According to Barney, the documents show that, only 20 days after the hernia surgery, the Air Force doctor discharged Barney to perform duties that included heavy lifting.  In an email attached to Barney's motion, Barney's attorney explains that he did not include those forms in the Record of Proceeding because, while the forms were relevant to showing Barney's course of treatment and subsequent duties, "when drafting the arguments, there was sufficient other evidence in my opinion that supported these propositions."  J.A. 11.  The Veterans Court denied Barney's motion for reconsideration, J.A. 14, and Barney thereafter appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute.  Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on

by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Barney argues on appeal that the Veterans Court committed legal error, including violating his due process rights, because it failed to consider Air Force Forms 509 and 75. We disagree. First, the Veterans Court did not construe a statute or regulation in its opinion, and hence it committed no legal error. Second, Barney's allegations arise from his attorney's decision not to include Forms 509 and 75 in the Record of Proceeding, a decision that Barney is bound by. "It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434 (Fed. Cir. 1986) (collecting cases). Thus, the actions of Barney's attorney in this proceeding were legally the actions of Barney himself and those actions have not been shown to be prejudicial.

Barney also argues that the ultimate finding on service connection was clearly erroneous because it conflicts with a 1991 medical record that allegedly shows a service connection. We lack jurisdiction, however, to review the factual determination of service connection. *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991) (holding that a denial of entitlement to service connection is a factual determination that we may not review). And, in any event, the 1991 medical record does not, on its face, appear to relate to Barney's back disorder.

We have considered Barney's remaining arguments and conclude that they are without merit.

**AFFIRMED IN PART and DISMISSED IN PART**

## Costs

Each party shall bear its own costs.