NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SOMBRIA COLEY,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-1336

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3301, Judge Margaret C. Bartley, Judge William S. Greenberg, Judge Michael P. Allen.

_____

Decided:  April 5, 2019

_____

SOMBRIA COLEY, Hazlehurst, MS, pro se.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Sombria Coley ("Coley") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the Board of Veterans' Appeals' (the "Board") decision denying service connection for her severe left knee degenerative joint disease. *Coley v. O'Rourke*, No. 16-3301, 2018 WL 3006170 (Vet. App. June 15, 2018) ("*Decision*"). Coley substantively challenges only the Veterans Court's assessment of the evidence of service connection. Because we lack jurisdiction to reweigh this evidence, we *dismiss*.

## BACKGROUND

Coley served in the United States Air Force from 1980 to 1986. During her service, Coley was bitten by an insect, likely a spider, on her left thigh. The bite caused swelling and redness in her thigh, and she was treated with antibiotics. Following treatment, Coley did not experience further left leg or knee issues until she was diagnosed in 2011 with severe left knee degenerative joint disease ("DJD").

Coley sought service connection for her DJD, contending that it was the result of a knee infection following the spider bite. The Regional Office in Jackson, Mississippi, denied her claim. Coley appealed to the Board and testified at a hearing in support of her claim. Based on Coley's medical records, the Board acknowledged that Coley was bitten by a spider but found that there was no evidence of a knee infection and that Coley did not report any left knee problems at the termination of her service. *In re Coley*, No. 13-29 004, slip op. at 8 (Bd. Vet. App. Jan. 5, 2016) ("*Board Decision*").

The Board also considered the assessments of two Veterans Affairs ("VA") examiners as well as Coley's

testimony. The first examiner determined that it was less likely than not that the DJD was related to the spider bite because (1) there was no record of tissue necrosis or destruction after the bite and (2) the antibiotic resolved the immediate effects of the bite. *Id.* at 8–9. In response, Coley submitted internet research indicating that joint infections can cause later onset of arthritis. The VA then sought a second examination of the medical records by an orthopedic surgeon. While the second examiner agreed with Coley that an infected joint could lead to later-arising arthritis, he found no record evidence that Coley ever had such an infection during her service. *Id.* at 9. Further, this examiner found that Coley's medical records only reported spider bite complications with her thigh, not her knee. *Id.* Consistent with the first examiner, the second examiner found no link between the spider bite and Coley's DJD. *Id.* at 10. After considering this evidence, the Board held Coley did not prove by preponderant evidence that her DJD was service related. *Id.* at 11–12. The Board also rejected Coley's claims of service connection for disabilities secondary to her DJD, and, upon its own inquiry, found no record support for presumptive service connection. *Id.*

Coley appealed to the Veterans Court, which affirmed in a single-judge decision. The Veterans Court held that the Board did not clearly err in crediting the assessments of the two VA medical examiners that Coley's DJD was not service connected. *Decision*, 2018 WL 3006170, at *2.

Coley moved for a panel decision. The Veterans Court granted the motion and upheld the single-judge decision. Coley again moved for the Veterans Court to reconsider, which the court construed as a motion for full-court review and denied. Coley then appealed to this court.

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute

or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Coley argues that the Veterans Court erred in denying service connection for her DJD and that the VA examiners made multiple mistakes. She also contends that the Board misapplied 38 C.F.R. § 3.159(a)(2) in evaluating her testimony and violated her constitutional rights.

The government responds that the Veterans Court's decision involved no question regarding the validity of a statute or regulation and no constitutional issue. As Coley only challenges factual matters, the government argues that we lack jurisdiction over her appeal.

We agree with the government that we lack jurisdiction. Coley primarily challenges the factual basis of the Veterans Court's holding of no service connection. Where, as here, service connection turns entirely on weighing the VA examiners' medical evaluations against Coley's testimony, and not on any statutory or regulatory presumptions, it presents a quintessential factual inquiry outside our limited jurisdiction. *See, e.g.*, *Barney v. Shinseki*, 464 F. App'x 884, 885 (Fed. Cir. 2012) (citing *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991)); *cf. Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003) (evaluation of presumptive service connection may entail interpretation of statutes or regulations).

Coley further argues that the Veterans Court misapplied § 3.159(a)(2), which defines competent lay evidence, but the court did not interpret that regulation. Although the Veterans Court did conclude that Coley was not competent to render a medical opinion about her DJD, *Decision*, 2018 WL 3006170, at *2, it did not question the Board's finding that Coley was competent to provide lay

testimony about the circumstances surrounding the spider bite, *Board Decision*, slip op. at 11. The court held only that the Board did not clearly err in crediting the two VA medical examiners' assessments over Coley's testimony regarding the nexus between her spider bite and her DJD. *Decision*, 2018 WL 3006170, at \*2. We lack jurisdiction to review that factual judgment.

Coley also alleges that the Veterans Court made various constitutional errors. We disagree. The court did not interpret the Constitution in its decision. And while Coley accuses the court of racial and gender discrimination in violation of the Fourteenth Amendment, her only basis for that charge is the court's denial of service connection on these facts. Rephrasing a factual challenge as a constitutional one is not enough to present a non-frivolous constitutional question. *Belton v. Shinseki*, 524 F. App'x 703, 706 (Fed. Cir. 2013).

## CONCLUSION

We have considered Coley's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.