NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES E. CLAYTON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1402

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4320, Judge Coral Wong Pietsch.

---

Decided: May 9, 2019

---

JAMES E. CLAYTON, Lubbock, TX, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* LOURIE and BRYSON, *Circuit Judges.*

PER CURIAM.

Mr. James E. Clayton appeals from a decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court"), which affirmed a determination of the Board of Veterans' Appeals (the "Board") denying Clayton service connection for his back disability. *See Clayton v. Wilkie*, No. 17-4320, 2018 WL 6272446 (Vet. App. Nov. 30, 2018) ("*Decision*"). Clayton challenges the Veterans Court's review of the evidence of service connection, and he further argues that the Veterans Court failed to accord him the benefit of the doubt. We lack jurisdiction to decide such issues, so we *dismiss* the appeal.

## BACKGROUND

Clayton served in the United States Army from June 1979 to January 1980 as a cannon crewman. Neither his enlistment examination in June 1978 nor his separation examination in December 1979 noted any back problems. In January 2004, Clayton filed a claim at the Department of Veterans Affairs ("VA"), seeking benefits for a back condition that he claims was service-connected. The regional office denied his claim, he chose not to appeal to the Board, and the denial thus became final. Clayton was thereafter diagnosed with lumbar radiculopathy due to spinal stenosis. In 2008, he requested reopening of his claim and newly asserted to the regional office that lifting artillery during his service aggravated a congenital birth defect, resulting in his present back condition.

The regional office denied Clayton's reopened claim, and he then appealed to the Board, arguing that the VA had failed to assist him by locating his service records. The Board sustained the denial of service connection because it found Clayton's assertions that his back condition began in

service could not outweigh documentation of his "normal spine and musculoskeletal system at separation." *In re Clayton*, No. 10–21 784, slip op. at 10 (Bd. Vet. App. May 5, 2014) ("*Board Decision I*"). The Board also noted that Clayton's complaints followed an injury in 1996 from lifting a refrigerator, a 2007 work-related injury, and a back and neck injury caused by a car accident in 2007. *Id.*

The Veterans Court vacated the Board's decision, holding that the Board erred in finding that the VA met its duty to assist and in failing to sufficiently address Clayton's argument that his congenital back condition was aggravated by his service, and it remanded the case to the Board. *See Clayton v. McDonald*, No. 14-1826, slip op. at 10 (Vet. App. Nov. 20, 2015). On remand, the Board credited a VA examiner's determination that Clayton's back condition was not congenital and further concluded that the VA had satisfied its duty to assist Clayton in finding the records he had requested. *In re Clayton*, No. 10–21 784, slip op. at 5–6 (Bd. Vet. App. Aug. 29, 2017) ("*Board Decision II*"). Clayton then again appealed to the Veterans Court. The Veterans Court found that Clayton failed to show that the VA examination, or the Board's reliance upon its findings over Clayton's lay statements, was clearly erroneous, and it affirmed the Board's decision. *See Decision*, 2018 WL 6272446, at *2–3.

Clayton then filed an appeal to this court.

### DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). But, except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

*Id.* § 7292(d)(2); *see also Sneed v. McDonald*, 819 F.3d 1347, 1350–51 (Fed. Cir. 2016).

Clayton makes three principal arguments on appeal: the Veterans Court wrongly weighed the evidence of his service connection; it should have found that the VA failed to meet its statutory obligation to assist him; and it failed to give him the benefit of the doubt. We have held that each of these arguments presents an issue that lies outside of our statutory jurisdiction. *See Barney v. Shinseki*, 464 F. App'x 884, 885 (Fed. Cir. 2012) (no jurisdiction "to review the factual determination of service connection" (citing *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991))); *Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999) (no jurisdiction to review whether the duty to assist was breached in a particular case because it involves application of law to fact); *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (no jurisdiction to review whether benefit of the doubt was correctly applied in any given case). We therefore conclude that we lack jurisdiction to hear his appeal.

The government contends in the alternative that Clayton waived each of these arguments by failing to make them to the Veterans Court. In view of our conclusion that we lack jurisdiction, we need not reach the government's waiver arguments.

## CONCLUSION

We have considered Clayton's other arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.