NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE J. JOHNSON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1376

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2970, Judge Michael P. Allen.

---

Decided: May 14, 2019

---

WILLIE J. JOHNSON, Gainesville, FL, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. Willie J. Johnson appeals from a decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court"), which affirmed a determination of the Board of Veterans' Appeals (the "Board") denying Johnson service connection for his pulmonary and essential hypertension. *See Johnson v. Wilkie*, No. 17-2970, 2018 WL 5003436 (Vet. App. Oct. 16, 2018) ("*Decision*"). Johnson asserts that the Veterans Court failed to address his argument that his hypertension is secondarily service-connected through his heart condition. Because we lack jurisdiction to decide this question, we *dismiss* the appeal.

## BACKGROUND

Johnson served in the United States Marine Corps during the Vietnam War, from August 1969 through April 1971. During this time, he served on ships that often docked in Da Nang Harbor. Thus, the VA presumes that he was exposed to herbicides. *See* 38 U.S.C. § 1116; Appellee Br. 2. Both Johnson's pre-induction examination in June 1969 and his separation examination in April 1971 recorded normal pulmonary and cardiovascular function. Johnson was later diagnosed with essential hypertension in 1998 and pulmonary hypertension around 2003.

The regional office denied Johnson's application for service connection for essential and pulmonary hypertension in 2004. The Board sustained that decision in February 2006. In 2009, the Veterans Court vacated the Board's decision and remanded to the Board for further proceedings. The Board again denied service connection in 2013. Ultimately, the Board denied service connection for both hypertension claims, rejecting Johnson's arguments that his hypertension is service-connected on a secondary basis due to his diabetes or another condition, but it remanded Johnson's claim for service connection for anemia. *See In re*

*Johnson*, No. 01-02 481, slip op. at 11–13 (Bd. Vet. App. May 5, 2017) ("*Board Decision*"). The Board also, in a previous decision, remanded Johnson's claims for service connection for several other conditions, including ischemic heart disease, for separate development at the regional office.

Johnson then appealed to the Veterans Court. He argued that the Board erred in failing to address his claim that his hypertension is either presumptively service-connected due to his conceded exposure to herbicides, *see* 38 U.S.C. § 1116, or secondarily connected through his heart condition. The Veterans Court affirmed the Board's decision because it found that Johnson's arguments regarding herbicide exposure and secondary connection through his heart condition were not made to the Board, and hence he failed to exhaust his remedy before the Board. *Decision*, 2018 WL 5003436, at *1–2; *see Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000); *Scott v. McDonald*, 789 F.3d 1375, 1379 (Fed. Cir. 2015).

Johnson then filed an appeal to this court.

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). But, except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see also Sneed v. McDonald*, 819 F.3d 1347, 1350–51 (Fed. Cir. 2016).

Johnson argues on appeal that the Veterans Court erred in not addressing his claim of service connection on a secondary basis through his heart condition. Furthermore, Johnson argues that the Veterans Court erred in not

holding that his heart condition, for which he has not yet been granted service connection, is itself secondarily service-connected through his anemia condition. In response, the government contends that this court does not have jurisdiction to address either argument because the Veterans Court's application of issue exhaustion is essentially an application of law to fact. The government further argues that Johnson's second argument is itself waived because it was never presented to the Veterans Court, and, in any case, only concerns a factual determination that lies outside of our statutory jurisdiction.

We agree with the government that we lack jurisdiction to decide this appeal. We have held that the Veterans Court's use of issue exhaustion "is largely a matter of application of law to fact, a question over which we lack jurisdiction." *Dickens v. McDonald*, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (citing *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003)). This case involves no exception to that general rule. The Veterans Court found as a factual matter that Johnson did not argue to the Board that either his essential or pulmonary hypertension is secondarily connected through his heart condition. We do not possess jurisdiction to review such a finding. *See Barney v. Shinseki*, 464 F. App'x 884, 885 (Fed. Cir. 2012) (no jurisdiction "to review the factual determination of service connection" (citing *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991))). Johnson's second contention, that his heart condition should be considered service-connected through his anemia condition, even if not waived, similarly presents a factual determination that we lack jurisdiction to address.

CONCLUSION

We have fully considered Johnson's arguments but find them unpersuasive. The appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.